# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TEXAS
# TYLER DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, § | |
| § | |
| § | CASE NUMBER 6:15-CR-00062-JDK |
| v. § | |
| § | |
| § | |
| § | |
| DEMARCUS MOORE (11), § | |
| § | |

## REPORT AND RECOMMENDATION OF
## UNITED STATES MAGISTRATE JUDGE

On March 20, 2024, the court conducted a hearing to consider the government's petition to revoke the supervised release of Defendant DeMarcus Moore. The government was represented by Lucas Machicek, Assistant United States Attorney for the Eastern District of Texas, and Defendant was represented by Jon Hyatt.

Defendant originally pled guilty to the offense of Conspiracy to Possess with Intent to Distribute Methamphetamine, a Class C felony. The United States Sentencing Guideline range for this offense, based on a total offense level of 23 and a criminal history category of IV, was 70 to 87 months. The offense carried a maximum imprisonment term of 20 years. On October 14, 2016, District Judge Ron Clark sentenced Defendant to 48 months imprisonment followed by three years of supervised release, subject to the standard conditions of release, plus special conditions to include financial disclosure and substance abuse testing and treatment. On May 14, 2021, Defendant completed his term of imprisonment and began his term of supervised release.

Under the terms of supervised release, Defendant was required to report to the probation officer in a manner and frequency directed by the court or a probation officer. In Allegation 1 of

its petition, the government alleges Defendant violated the conditions of his supervised release when he failed to make himself available for scheduled home visits on September 19, 22, 29, and October 13, 2022, failed to report to the U.S. Probation Office as directed on October 17, 2022, and failed to submit a monthly report for January 2023. If the court finds by a preponderance of the evidence that Defendant violated the conditions of supervised release by failing to report to the probation officer as described, Defendant will have committed a Grade C violation. U.S.S.G. § 7B1.1(a). Upon a finding of a Grade C violation, the court may revoke the term of supervision. U.S.S.G. § 7B1.3(a)(2). Considering Defendant's criminal history category of IV, the Guideline imprisonment range for a Grade C violation is 6 to 12 months. U.S.S.G. § 7B1.4(a).

At the hearing, the parties indicated that they had come to an agreement to resolve the petition whereby Defendant would plead true to violating the conditions of supervision as alleged in Allegation 1 of the government's petition. In exchange, the government agreed to recommend to the court a sentence of 9 months imprisonment with no supervised release to follow.

The court therefore **RECOMMENDS** that Defendant's plea of true be accepted and that he be sentenced to a term of 9 months imprisonment, with no supervised release to follow. The court further **RECOMMENDS** that Defendant serve his sentence at FMC Fort Worth, if available. The parties waived their right to objections so this matter shall be immediately presented to the District Judge for consideration.

**So ORDERED and SIGNED this 21st day of March, 2024.**

_____
JOHN D. LOVE
UNITED STATES MAGISTRATE JUDGE